SANITAS COMPANY, Appellant, vs. NIEZORAWSKI, Respondent.

*February 16—March 9, 1909.*

*Foreign corporations: Doing business in this state: Pleading: Findings of fact: Interstate commerce: Sales: Liability of agent's surety.*

1. In an action upon an agent's bond, where the answer denied the corporate existence of plaintiff and alleged that it held itself out to be a foreign corporation, a further allegation that it had transacted business in this state under the contract in question in violation of sec. 1770b, Stats. (1898), did not show that the contract was void, since said section does not apply to cases of mere representation.

2. Defendant might, however, prevail upon the defense so attempted to be pleaded, where the court found as a fact that plaintiff was a foreign corporation, and such finding was not excepted to.

3. Where goods are sold outright by a foreign corporation to a so-called agent in this state the transaction is interstate commerce, not affected by sec. 1770b, Stats. (1898), but as to any indebtedness of the purchaser on such sales there is no liability on the part of the surety on a bond conditioned that such purchaser should "well and truly perform the duties of agent" for the foreign corporation, and pay over to it all moneys received by him "as such agent."

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

One Peter J. Ternes as principal, and the defendant *Niezorawski* as surety, executed a bond to the plaintiff in the penal sum of $200. The condition of the bond was to the effect that if Ternes, his heirs or personal representatives, should "well and truly perform the duties of agent for the said *Sanitas Company,* and pay over on demand all moneys received by" him "as such agent to said *Sanitas Company,* all without delay or fraud," the obligation should be void, "otherwise to be and remain in full force."

The complaint alleged that said Ternes collected for the account and use of the plaintiff, for merchandise delivered by the plaintiff to him, the sum of $1,249.88, and that said

Ternes paid plaintiff on such account $1,077.38, which, with other credits to which Ternes was entitled, left a balance due of $72.50, for which judgment is demanded. The plaintiff further alleged that said Ternes died prior to the commencement of the action, leaving no estate of any kind or description, and that plaintiff was a foreign corporation organized under the laws of Great Britain.

The answer denied the corporate existence of the plaintiff, admitted the execution of the bond and that Ternes had been agent for the plaintiff, transacting business in Wisconsin, and that he was dead. The answer then alleged that at the time of the execution of the bond sued upon plaintiff held itself out as a foreign corporation organized and existing under the laws of the Kingdom of Great Britain and has ever since held itself out to be such; that its principal places of business were then and now are the cities of London and New York; that it was never organized under the laws of Wisconsin; that it had never caused to be filed in the office of the secretary of state of Wisconsin a duly authenticated copy, or any copy, of its charter or articles of incorporation; that said contract affected the personal liability of plaintiff and related to property within the state of Wisconsin; that plaintiff had transacted business under said contract with the said Ternes for a number of years; and that plaintiff was not organized as a corporation for purposes which exempted it from filing a certified copy of its articles with the secretary of state.

The court found that the surety contract involved in the action was made, executed, and delivered in the state of Wisconsin by the defendant and the plaintiff, and that the plaintiff, at the times mentioned in the complaint, transacted business in the state of Wisconsin and had property within said state, and that it failed to comply with the requirements of sec. 1770b, Stats. (1898). As a conclusion of law the court found that the surety contract was void and that the complaint should be dismissed.

The only material evidence offered in behalf of the plaintiff was to the effect that between July 5, 1899, and August 29, 1904, the plaintiff sold to said Ternes disinfectants to the amount of $1,249.88 and that there was a balance due and owing on said account, over and above payments and credits, amounting to $72.50. The material evidence offered in defendant's behalf was given by the son of the deceased Ternes, and was to the effect that plaintiff shipped goods to his father, that they were delivered at his house in barrels, and that it was his practice to sell the contents of the barrels in small lots, although in the case of a couple of large consumers the goods were shipped directly to them.

The plaintiff appeals from the judgment dismissing the complaint, and assigns as error the ruling of the court to the effect that plaintiff was not entitled to recover under sec. 1770b, Stats. (1898).

*Harry M. Silber,* for the appellant.

*Casimir Gonski,* for the respondent.

BARNES, J. The cause of action against the defendant surety, as stated in the complaint, is based upon the refusal of Ternes to pay over to the plaintiff moneys collected by him as agent. The allegations of the complaint fairly show liability on the part of the defendant because of a breach of the conditions of the bond sued on. To such cause of action the defense was attempted to be interposed that plaintiff transacted business in this state in violation of sec. 1770b, Stats. (1898), and therefore could not recover. The defense was not well pleaded, because the answer denied an allegation of the complaint setting forth that the plaintiff was a foreign corporation, and simply alleged that plaintiff held itself out to be such a corporation. Sec. 1770b does not reach cases of mere representation. The court found that plaintiff was a foreign corporation, and the finding was not excepted to, so the unaccountable denial of the answer does not preclude defendant

from prevailing on the defense attempted to be pleaded. There was evidence offered which was ample to show that, if the defendant was in fact acting as the agent of the plaintiff, it was transacting business in violation of sec. 1770*b*.

The answer expressly admitted that Ternes was acting as the agent of the plaintiff and did not deny the existence of the indebtedness. Hence there was no necessity for proof on either subject. The plaintiff, desiring no doubt to obviate the defense attempted to be interposed, offered proof tending to show the amount of the balance due, and also tending to show that the relation of debtor and creditor existed between it and Ternes, instead of that of principal and agent. This evidence was received without objection. It showed plainly enough that Ternes, instead of handling the goods shipped him by plaintiff as its agent, purchased such goods outright. If this were true, the business transacted between the parties was interstate commerce pure and simple and there was no violation of sec. 1770*b* by plaintiff. The bond, however, on which suit was brought restricted the liability of the defendant to obligations incurred by Ternes as agent, and did not cover indebtedness such as was proved to exist by the evidence given on the trial.

The circuit court disposed of the case upon the theory that sec. 1770*b* had been violated; but, whichever view is taken, the judgment is correct and therefore should be affirmed.

*By the Court.*—Judgment affirmed.