RICE, Respondent, vs. MURRAY and others, Appellants.

*January 30—February 20, 1912.*

*Bonds: Performance of agent's duties: Payment for goods purchased.*

A bond conditioned for the faithful performance of the duties of an agent who was expected to receive milk or cream from patrons of a creamery, convert it into butter, and account to the patrons for the proceeds actually received, after deducting the agreed pay for his services, does not guarantee payment for milk purchased outright from such patrons by him.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

For the appellants there were briefs by *E. E. Browne, W. E. Fisher,* and *H. J. Severson,* attorneys, and *A. E. Thompson,* of counsel, and oral argument by *Mr. Severson* and *Mr. Thompson.*

For the respondent there was a brief by *F. F. Wheeler* and *Martin, Martin & Martin,* and oral argument by *Mr. Wheeler* and *Mr. Joseph Martin.*

WINSLOW, C. J. This is an action at law against the defendants as sureties upon a bond in the sum of $3,000, given

by one Soli as principal to protect the patrons of a creamery owned and operated by said Soli. The bond ran to "the patrons" of the creamery as obligees, and was conditioned as follows:

"If the above bounden, G. E. Soli, shall well and truly pay or cause to be paid unto the above named patrons of the Spring Brook Creamery all sums that he receives for butter made from milk delivered by the patrons of the said Spring Brook Creamery, after deducting the sum of three (3) cents per pound for making said milk into butter, then the above obligation to be void, otherwise to remain in full force and virtue."

It appeared undisputedly in the evidence that Soli never did business as contemplated by the provisions of the bond. Instead of receiving the milk, manufacturing it into butter, and accounting to each patron for the sums received by him for such butter, less three cents per pound, he in fact purchased the milk outright. As soon as it was received he tested it by the Babcock test, and thus ascertained the amount of butter fat in it. From this he determined the number of pounds of butter it would make, added the overrun, and paid the patrons therefor at the Elgin current prices, less three cents per pound. The plaintiff was a patron who sued for milk delivered at the creamery by himself and by a large number of other patrons of whom he was the assignee, which had not been paid for by Soli.

The bond is clear and unambiguous. It is conditioned for the faithful performance of the duties of an agent who was expected to receive the patrons' milk or cream, convert it into butter, and account to the patrons for the proceeds actually received, after deducting the agreed pay for his services. It contains no provision of any kind guaranteeing that Soli would pay for milk which he might purchase.

There is a very marked difference not only in the legal character of the two relationships, but in the character of the risks assumed. In the bond as given the risk assumed was

only the risk of the honesty and faithfulness of the agent. If it were to be construed as guaranteeing payment for milk purchased, it would cover also the business sagacity and ability of the principal. *Sanitas Co. v. Niezorawski,* 138 Wis. 377, 120 N. W. 292.

A verdict for the plaintiff was directed, but it is plain that it should have been directed for the defendants, because the bond did not cover the transactions shown by the evidence.

*By the Court.*—Judgment reversed, and action remanded with directions to enter judgment for the defendants.